IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JERMAINE JONES, | § | |
| | § | No. 561, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1409005743 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 15, 2016
Decided: June 22, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## ORDER

This 22nd day of June, 2016, it appears to the Court that:

(1) Jermaine Jones raped his eight-year-old daughter. He agreed to plead guilty to the crime, and in exchange the State agreed to seek no more than the mandatory minimum sentence of eight years in prison. During Jones' sentencing hearing, the prosecutor recommended the mandatory minimum sentence, but also read a victim impact statement, and highlighted several aggravating factors for the sentencing judge. Jones did not object. Instead of imposing the minimum mandatory sentence, the Superior Court judge sentenced Jones to a total of eighteen years at Level 5 incarceration. Jones argues on appeal that the State reneged on the plea agreement and thus violated his due process rights when it

went beyond stating the agreed sentence recommendation by reading the victim impact statement and discussing the aggravating factors during his sentencing. He argues the State's comments at sentencing caused the court to sentence him more harshly than the mandatory minimum negotiated under the plea agreement. After a careful review of the record, we find no plain error by the State during the sentencing hearing and affirm.

(2) In the summer of 2014, Jones sexually abused his eight year old daughter while she was in his care. The police arrested Jones and charged him with three counts of first degree rape, first degree attempted rape, and first degree unlawful sexual contact. Jones entered into a plea agreement with the State in which he agreed to plead guilty to first degree unlawful sexual contact and second degree unlawful sexual contact, a lesser included offense of first degree rape. Jones qualified as a habitual offender under 11 *Del. C.* § 4214(a). The State agreed it would seek habitual offender sentencing only on the first degree unlawful sexual contact charge, which would then carry a mandatory minimum eight year sentence.[1] The plea agreement also contemplated a pre-sentence investigation.

(3) Jones pled guilty to first degree unlawful sexual contact and second degree unlawful sexual contact in April 2015. The Superior Court determined that

---

[1] Under the habitual offender sentencing scheme, when someone is sentenced for a particular crime as a habitual offender, the crime's ordinary maximum sentence becomes the minimum, and the maximum sentence becomes life in prison. *See* 11 *Del. C.* § 4214(a).

his plea was knowing, voluntary, and based in fact, and Jones admitted he had committed the acts in question. Although Jones was originally scheduled to be sentenced in July 2015, the Superior Court rescheduled the sentencing after learning that Jones denied responsibility for his crimes. The Superior Court eventually sentenced Jones in October 2015. At the sentencing hearing a prosecutor, who did not negotiate the plea deal, stated that "both parties are asking for [eight years] in this case."[2] He then read aloud a victim impact statement prepared by the victim's mother. He also "put on the record . . . some aggravating factors."[3] The prosecutor discussed Jones' previous burglary and drug-dealing convictions, and the vulnerability of the victim. He speculated, "Who knows if [eight years] will be enough for him to do anything different but maybe it would be a start."[4]

(4) Jones' counsel did not object to the prosecutor's statements. He did explain to the court that the plea agreement was a compromise.[5] On the one hand, the State was guaranteed a conviction without risking going to trial with evidence that was not as strong as it could have been[6] and that would have required the vulnerable victim to testify. On the other hand, Jones would minimize his risk of

---

[2] App. to Opening Br. at 25.
[3] *Id.*
[4] *Id.* at 27.
[5] *Id.* at 28 ("[I]t was kind of a situation where everybody goes home with half a loaf of bread . . . .").
[6] The State's evidence consisted of the testimony of the child victim. There was no physical evidence nor were there other witnesses.

getting a very lengthy sentence (potentially a life sentence), owing to the nature of his crimes and his habitual offender status.

(5)     The sentencing judge informed the parties that he would have read the victim impact statement even if the prosecutor had not referred to it, and highlighted various aggravating factors in the presentence investigation report. He discussed the heinousness of Jones' crimes, his criminal history, and the lack of any mitigating evidence in his record. The court sentenced Jones to fifteen years incarceration for the first degree unlawful sexual contact charge—nearly twice the parties' recommendation. The court also sentenced Jones to three years incarceration for the second degree unlawful sexual contact charge. Jones appealed.

(6)     Jones argues on appeal that the State violated his due process rights when the prosecutor made statements to the court during Jones' sentencing emphasizing various aggravating factors, and also read the victim impact statement. Jones argues, relying on United States Supreme Court precedent, that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."[7]  But Jones failed to object or otherwise preserve his

---

[7] *Santobello v. New York*, 404 U.S. 257, 262 (1971).

claim of error in the Superior Court. Accordingly, our review is for plain error.[8] "[T]he doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[9] In plain error review, the defendant has the burden to demonstrate actual prejudice.[10]

(7) At the sentencing hearing, the State did recommend an eight year sentence.[11] And even where a plea agreement exists, the State is entitled to support its plea agreement with the presentence investigation and other factors relevant to the reasonableness of the sentence recommendation. Although some of the State's comments at sentencing were speculative and more restraint might have been shown, under a plain error standard of review we find that the State's comments failed to rise to the level of subverting the integrity of the plea bargaining process.[12]

---

[8] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986) ("Failure to make an objection [below] constitutes a waiver of the defendant's right to raise that issue on appeal, unless the error is plain."); *see also Puckett v. United States*, 556 U.S. 129, 139–43 (2009) (plain error review appropriate for government's breach of plea agreement where the defendant failed to object).

[9] *Wainwright*, 504 A.2d at 1100.

[10] *Williams v. State*, 98 A.3d 917, 922 (Del. 2014) ("The difference between harmless error and plain error is that for plain error, it is the defendant who bears the burden of persuasion with respect to prejudice." (internal quotations omitted)); *Capano v. State*, 781 A.2d 556, 662–63 (Del. 2001) ("To establish plain error, Capano has the burden of showing actual prejudice.").

[11] App. to Opening Br. at 25 ("[H]e's facing eight years minimum mandatory. That was the plea agreement and that's what is ultimately, I believe, what both parties are asking for in this case.").

[12] *See Santobello*, 404 U.S. at 262 (recognizing the "interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of

5

(8)     Even if Jones had shown a violation of the plea agreement, Jones has failed to establish that he suffered prejudice as a result of the prosecutor's conduct.  The Superior Court always had discretion to sentence Jones to a greater sentence than eight years.[13]  Jones knew this when he entered his guilty plea.[14]  The court read and considered Jones' presentence investigation, which highlighted his history of violent criminal conduct, the eight children he fathered but did not support, his lack of remorse, and the fact that he had "contributed virtually nothing to society."[15]  The court also made clear that had the prosecutor not read the victim impact statement, the judge would have.[16]  The court also knew that Jones had denied responsibility for his crimes after he entered his guilty plea—thus reneging on the terms of the plea agreement—although he ultimately changed his mind and conceded his culpability.[17]  When considered in light of these facts, we find no prejudice to Jones and no plain error in the sentencing proceedings.[18]

---

pleas of guilty" as the important interests at stake when prosecutors violate the terms of plea agreements); *Cole v. State*, 922 A.2d 354, 359–60 (Del. 2005) (emphasizing the special role of prosecutors as representatives of the people and justice in the context of plea negotiations).

[13] Super. Ct. Crim. R. 11(e)(1)(B).

[14]  App. to Opening Br. at 12 ("Q: The Court will give [the eight year recommendation] significant weight in its decision, but it is not bound to give the precise sentence that is being recommended by the State.  Do you understand that, sir?  A: Yes, sir.").

[15] *Id.* at 29–30.

[16] *Id.* at 29.

[17] *Id.* at 25.

[18] The original sentencing judge who postponed the first hearing also believed that eight years was not an adequately long sentence after viewing the pre-sentence investigation.  *Id.* at 16 ("I'm not at all satisfied that eight years is an appropriate sentence."); *id.* at 19 ("You are going to do a bunch of time.  You know that.").

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice